

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3743

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Chen v. Atty Gen USA" (2008). 2008 Decisions. Paper 671.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/671

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3743
_____

QI LIANG CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A79-303-422)
Immigration Judge:  Honorable Donald V. Ferlise

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2008

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: August 12, 2008)

OPINION OF THE COURT

PER CURIAM

     Qi Liang Chen, a citizen of the People's Republic of China, seeks review of a final

order from the Board of Immigration Appeals ("BIA").  For the following reasons, we

will deny the petition for review.

Chen applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"),[1] and voluntary departure on March 28, 2001, claiming that his wife (who remains in China) was forced to abort their second child in August 2000 pursuant to China's coercive family planning policy. Chen testified that he was "hit hard emotionally" after the abortion and that he left China in September 2000 with the help of a smuggler. He claimed that he entered the United States without inspection in November 2000, and believes that he will be arrested if he returns to China because he once helped his wife escape from the birth control office, and because he did not report to the police after he was issued a notice to appear in July 2000.

At Chen's removal proceedings, Immigration Judge ("IJ") Donald Ferlise determined, among other things, that Chen could not prove that his asylum application was timely because he could not establish when he entered the United States. The IJ also determined that Chen's application was frivolous and that he was not credible. Even if he was, the IJ stated that Chen would no longer have a well-founded fear of persecution because there had been a fundamental change in circumstances "insofar as [his] wife has been aborted, they only have one child and [Chen] presented absolutely no evidence that they wish to sterilize his wife."

---

[1] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, 8 U.S.C. § 1231.

The BIA affirmed in September 2003, finding that the IJ correctly determined that the application was time barred and that no exceptions to the statute of limitation applied. The BIA did, however, reverse the frivolousness finding, and found that the IJ incorrectly determined that there had been a fundamental change in circumstances. Then, on May 21, 2004, after granting Chen's motion to reconsider, the BIA again dismissed his appeal.

Three years later, on April 30, 2007, Chen filed a motion to reopen, arguing that it was not subject to the ninety-day time limitation due to exceptional circumstances. See 8 C.F.R. § 1003.2(c)(2). Chen claimed that the IJ violated his due process rights by refusing to reschedule his hearing when he had been in the emergency room until 4 a.m. with an illness. Chen claimed that the had IJ treated him disrespectfully, and as evidence of changed circumstances, submitted two of this Court's opinions regarding Judge Ferlise. Chen also submitted affidavits from himself and his wife, an abortion certificate, and the U.S. Department of State's 2006 country condition report on China.

The BIA dismissed the motion to reopen as untimely and determined that Chen was not eligible for an exception to the statute of limitation based on changed circumstances. The BIA found that Chen failed to demonstrate that the affidavits and abortion certificates could not have been presented at the prior hearing, and that even if the information had been previously unavailable, it merely reiterated Chen's claim that his wife had an abortion. The BIA also found that Chen had not established a due process violation by presenting only a hospital bill from an emergency room. Finally, the BIA determined that there were no exceptional circumstances to warrant a discretionary sua

3

sponte reopening under 8 C.F.R. § 1003.2(a).

Through counsel, Chen seeks review in this Court of the BIA's denial of his motion to reopen.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and review the order for an abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Under this standard, the BIA's decision will be reversed only if it is "arbitrary, irrational, or contrary to law." Id.

The BIA denied the motion to reopen because it was untimely and because Chen did not meet the exception for changed circumstances under 8 C.F.R. § 1003.2(c). This decision is not an abuse of discretion. The motion was indisputably untimely, as it was filed over three years after the BIA denied Chen's motion for reconsideration. See 8 C.F.R. § 1003.2 (c)(2) (motions to reopen must be filed within 90 days of a final order). Chen did not contest the tardiness of his motion; he did, however, assert that it fell within the exception of 8 C.F.R. § 1003.2(c)(3)(ii), which permits reopening "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."[2]

---

[2]    Chen's petition for review also asserts that his motion to reopen should have been considered because his "new evidence" demonstrated changed circumstances in the United States. Apart from the fact that we are unable to discern what he considers to be changed country conditions in the United States, the regulation to which he cites governs

Chen offered the following documents to the BIA that he claimed were newly discovered and previously unavailable: (1) an affidavit from himself; (2) an affidavit from his wife; (3) a certificate stating that his wife had an abortion on August 5, 2000; (4) copies of Cham v. Attorney General, 445 F.3d 683 (3d Cir. 2006), and Shah v. Attorney General, 446 F.3d 429 (3d Cir. 2006); and (5) the U.S. Department of State's 2006 country condition report for China. Apart from the country condition report, Chen's "new evidence" did not provide any evidence of conditions in China, but rather were documents which if true, buttressed his own credibility. This is not a basis for reopening under 8 C.F.R. § 1003.2. See Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of persecution.").

The BIA did not discuss the 2006 country condition report, which was of course not available at the 2002 hearing. However, it is unclear how the report would constitute material evidence to justify reopening the proceedings. See 8 C.F.R. § 1003.2.(c)(3)(ii) (allowing for reopening only if new evidence is material). The report details China's poor human rights record, states that the family planning policies "retained harshly coercive elements in law and practice," and that officials in the Fujian province (where Chen is from) "reportedly forcibly sterilized women." Chen, however, does not claim to

exceptions to the one-year statute of limitation for filing asylum applications, not motions to reopen. See 8 C.F.R. § 208.4(a)(4)(i); 8 U.S.C.A. § 1158(a)(2)(D).

fear future persecution based on the possibility of sterilization, did not make any arguments before the BIA—and does not make any arguments now—as to how the report constitutes material evidence. In his motion to reopen and affidavit he repeatedly states that he fears persecution, but does not explain why. The BIA thus did not abuse its discretion by declining to find that the new country condition report warranted reopening.

The BIA also held that Chen failed to establish that reopening was warranted under the Due Process Clause. At a minimum, due process requires the right to "be heard at a meaningful time and in a meaningful manner." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (internal citation omitted). In the immigration context, "due process requires that aliens threatened with deportation are provided the right to a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf." Abdulrahman v. Ashcroft, 330 F.3d 587, 595-96 (3d Cir. 2003) (internal citation omitted). Chen claimed that his due process rights were violated when the IJ refused to reschedule his hearing after he had been in the emergency room the previous night. Chen claimed his testimony was detrimentally affected, due to his weakened state, by the IJ's failure to reschedule. In support of this claim, Chen submitted a hospital bill from the University of Pennsylvania Medical Center dated March 6, 2002 (his hearing was on March 7th).

The BIA properly found that the hospital bill was insufficient to demonstrate a due process violation, and explained that the record did not indicate that Chen submitted a letter from his doctor stating that he could not testify. While illness could no doubt adversely affect the right to be heard in a "meaningful manner," the hospital bill does not

6

identify why Chen went to the ER, his diagnosis, or what time he was examined. The description of services states merely "ER W Expand." In addition to the fact that the bill would likely have been available at the time of his hearing and does not constitute "new" evidence, the BIA certainly did not abuse its discretion in finding that the hospital bill in and of itself did not establish that the IJ violated Chen's rights to due process by failing to reschedule the hearing.

Chen also asserted that he was "bullied" and mistreated by Judge Ferlise. Chen's due process claim, however, was premised on the IJ's failure to reschedule the hearing—he did not claim that his due process rights were violated because the IJ was not "neutral and impartial." Even if his assertions regarding bullying and mistreatment were viewed as a due process claim, the BIA would not have abused its discretion in declining to reopen the proceedings. Chen submitted this Court's opinions in Cham v. Attorney General, 445 F.3d 683 (3d Cir. 2006), and Shah v. Attorney General, 446 F.3d 429 (3d Cir. 2006), as "new evidence" of Judge Ferlise's "bullying." While the opinions may demonstrate that Judge Ferlise violated other petitioners' due process rights, they do not constitute evidence of a due process violation in Chen's proceedings.[3]

---

[3] The record reveals that the IJ expressed impatience and was condescending toward Chen, but his behavior does not appear to rise to the level of intemperance, hostility, unfounded speculation, or apparent partiality that this Court has condemned in Cham and Shah. See Abdulrahman, 330 F.3d at 597 (noting that the IJ's language reflected annoyance and dissatisfaction, "such a lack of courtesy and the absence of professionalism do not rise . . . to a violation of due process").

Finally, we do not have jurisdiction to review the BIA's determination that there were no "exceptional circumstances" that would allow it to sua sponte reopen the proceedings.  See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003).

For these reasons, and after careful consideration of the record and the parties' contentions, we will deny the petition for review.